Budd Larner
By: Thomas J. Burns III, Esq.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
973.379.4800
tburns@buddlarner.com
*Attorneys for Plaintiff*
*Cammarata Associates*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAMMARATA ASSOCIATES, as successor to MHP II Corporation | CASE NO.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Kelly Capital LLC, and MICHAEL KELLY DEFENDANTS | |
| Defendants. | |

Plaintiff Cammarata Associates, as successor to MHP II Corporation ("Cammarata Associates"), by way of Complaint against Defendants Kelly Capital, LLC and Michael Kelly ("Mr. Kelly"), states:

## THE PARTIES

1. Cammarata Associates is a New Jersey company with a principal place of business at 525 Route 73 North, Marlton, New Jersey 08053. Its predecessor, MHP II Corporation ("MHP II"), was a New Jersey corporation with a principal place of business at 525 Route 73 North, Marlton, New Jersey 08053.

2. Kelly Capital, upon information and belief, is a California limited liability company with a principal place of business at 12730 High Bluff Drive, Suite 250, San Diego, CA 92130.

3. Michael Kelly, upon information and belief, is a resident of the State of California with an address at P.O. Box 1967, Rancho Santa Fe, CA 92067.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, et seq., as the matter involves a dispute between citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is appropriate in this vicinage because the actions and occurrences from which this matter arose took place within this vicinage.

## BACKGROUND

### A. The Kelly Capital/MHP II Relationship.

6. In or about 2010, Kelly Capital was exploring escrow fund asset purchase opportunities in the tobacco industry.

7. Kelly Capital was aware that Mr. Frank Cammarata, sole shareholder of MHP II, had substantial contacts in the tobacco industry and a working knowledge of asset purchase transactions with tobacco companies.

8. Defendant Kelly Capital sought Mr. Cammarata's assistance in seeking and closing those types of transactions, in particular with Cammarata contact S&M Brands ("S&M").

9. In response to that request, Mr. Cammarata formed MHP II for the sole purpose of assisting Defendant Kelly Capital with its tobacco escrow fund asset purchase efforts.

### B. The Kelly Capital/MHP II Agreement.

10. On April 12, 2010, Kelly Capital and MHP II entered into a Commission Agreement. *See Exhibit A*.

11. Pursuant to the Agreement, MHP II was to receive a percentage commission of the total value of any escrow fund assets Kelly Capital purchased from S&M, payable at the time of the closing of each prospective transaction.

12. In July 2010, the parties amended their agreement for the purpose of making any commission due and owing to MHP II payable at the time the purchased asset was transferred to the

accounts of Kelly Capital, rather than payable at the time of closing the purchase of the accounts from S&M. *See Exhibit B.*

### C. Kelly Capital's Breach of the Agreement.

13. On or about July 16, 2010 Kelly Capital closed the purchase of $146,270,394.10 in escrow fund assets from S&M Brands.

14. Pursuant to MHP II's Agreement with Kelly Capital, MHP II was entitled to a commission of $680,000 for that transaction, payable at the time the purchased escrow funds were transferred into a Kelly Capital account.

15. The disposition of those purchased escrow funds by Kelly Capital was delayed by a lawsuit between Kelly Capital and S&M Brands regarding issues unrelated to MHP II.

16. During the pendency of the lawsuit, Michael Kelly represented to Frank Cammarata and MHP II that, if the lawsuit resulted in Kelly Capital's disposition of the purchased escrow funds, the commission due and owing to MHP II would be paid.

17. That lawsuit was resolved, and the escrow funds were in Kelly Capital's possession and control for disposition, in or about October 2014.

18. In the interim, MHP II assigned all of its rights and interests in commissions due and owing from Kelly Capital to Cammarata Associates.

4

19. On December 8, 2014, Cammarata Associates issued a demand letter to Michael Kelly and Kelly Capital for the commission payment due and owing on the S&M Brand transaction. *See Exhibit C.*

20. Cammarata Associates sent follow up demands for payment to Michael Kelly and Kelly Capital on January 8, 2015 and February 10, 2015. *See Exhibit D.*

## COUNT I

### BREACH OF CONTRACT

21. The allegations of paragraphs 1-20 are inclusive and incorporated by reference.

22. The Commission Agreement and Amendment executed by Kelly Capital constitute a binding and enforceable contract with MHP II.

23. Kelly Capital breached its contract with MHP II's successor, Cammarata Associates by failing to pay the due and owing commission.

24. As a direct and proximate result of Kelly Capital's breach, Mortgage Master has incurred damages.

## COUNT II

### FRAUD

25. The allegations of paragraphs 1-24 are inclusive and incorporated by reference.

26. Mr. Kelly, individually and on behalf of Kelly Capital, represented to Mr. Cammarata and MHP II that Kelly Capital would pay the commission due and owing on the S&M Brand transaction upon the resolution of the Kelly Capital/S&M Brand lawsuit.

27. At the time Mr. Kelly made that representation, he knew it was false.

28. MHP II, and its successor Cammarata Associates relied on Mr. Kelly's representation to its detriment, by waiting for over 4 years for the due and owing commission to be paid, refraining from taking any action to secure payment during that time period.

COUNT III

NEGLIGENT MISREPRESENTATION

29. The allegations of paragraphs 1-28 are inclusive and incorporated by reference.

30. Mr. Kelly, individually and on behalf of Kelly Capital, represented to Mr. Cammarata and MHP II that Kelly Capital would pay the commission due and owing on the S&M Brand transaction upon the resolution of the Kelly Capital/S&M Brand lawsuit.

31. At the time Mr. Kelly made that representation, he knew, or should have known, it was false.

32. MHP II, and its successor Cammarata Associates relied on Mr. Kelly's representation to its detriment, by waiting for over 4 years for the due and owing commission to be paid, refraining from taking any action to secure payment during that time period.

## COUNT IV
## CONVERSION

33. The allegations of paragraphs 1-32 are inclusive and incorporated by reference.

34. Cammarata Associates, as successor to MHP II, is the rightful owner of the commission due and owing from Kelly Capital from its purchase of escrow funds from S&M Brands.

35. Kelly Capital and Mr. Kelly intentionally interfered with Cammarata Associates' use of its funds by exercising dominion and control over them.

36. Kelly Capital's and Mr. Kelly's, interference deprived Cammarata Associates of the use of those funds.

37. Kelly Capital's, and Mr. Kelly's, interference caused Cammarata Associates damages.

## PRAYER FOR RELIEF

Plaintiff Cammarata Associates, as successor to MHP II Corporation, prays for judgment:

    a.    awarding Plaintiff compensatory damages;

7

   b. awarding interest and costs of suit, including reasonable attorneys' fees; and

   c. all other relief this Court deems to be just and equitable.

s/Thomas J. Burns III  
Thomas J. Burns III  
Budd Larner  
150 John F. Kennedy Parkway  
Short Hills, NJ 07078  
973.315.4518  
tburns@buddlarner.com  

**ATTORNEYS FOR PLAINTIFF**

Dated: January 13, 2016