Budd Larner
By: Thomas J. Burns III, Esq.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
973.379.4800
tburns@buddlarner.com
*Attorneys for Plaintiff*
*Cammarata Associates*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| CAMMARATA ASSOCIATES, as successor to MHP II Corporation<br><br>Plaintiff,<br><br>v.<br><br>Kelly Capital LLC, and MICHAEL KELLY,<br><br>Defendants. | CASE NO.: 1:16-cv-00322-NLH-AMD<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 15(a)(1)(A)** |

Plaintiff Cammarata Associates, as successor to MHP II Corporation ("Cammarata Associates"), by way of Amended Complaint against Defendants Kelly Capital, LLC ("Kelly Capital"), and Michael Kelly ("Mr. Kelly"), states:

**THE PARTIES**

1. Cammarata Associates is a New Jersey company with a principal place of business at 525 Route 73 North, Marlton, New Jersey 08053. Its predecessor, MHP II Corporation ("MHP II"), was a New Jersey corporation with a principal place of business at 525 Route 73 North, Marlton, New Jersey 08053.

2. Kelly Capital, upon information and belief, is a California limited liability company with a principal place of business at 12730 High Bluff Drive, Suite 250, San Diego, CA 92130.

3. Michael Kelly, upon information and belief, is a resident of the State of California with an address at P.O. Box 1967, Rancho Santa Fe, CA 92067.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, et seq., as the matter involves a dispute between citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is appropriate in this vicinage because the actions and occurrences from which this matter arose took place within this vicinage.

## BACKGROUND

**A. The Kelly Capital/MHP II Relationship.**

6. In or about 2010, Kelly Capital was exploring escrow fund asset purchase opportunities in the tobacco industry.

7. Kelly Capital was aware that Mr. Frank Cammarata, sole shareholder of MHP II, had substantial contacts in the tobacco industry and a working knowledge of asset purchase transactions with tobacco companies.

8. Defendant Kelly Capital sought Mr. Cammarata's assistance in seeking and closing those types of transactions, in particular with Cammarata contact S&M Brands ("S&M"), which had escrow release funds("escrow releases") from the years 1999-2009 in the amount of $182,491,650 available for purchase.

9. In response to that request, Mr. Cammarata formed MHP II for the sole purpose of assisting Defendant Kelly Capital with its tobacco escrow-releases purchase efforts.

**B. The Kelly Capital/MHP II Agreement.**

10. On April 12, 2010, Kelly Capital and MHP II entered into a Commission Agreement. *See Exhibit A to Original Complaint.*

11. Pursuant to the Agreement, in pertinent part, MHP II was to receive a commission of five percent (5%) of the gross purchase price paid by Kelly Capital to S&M for the subject

escrow releases. *Exh. A, ¶3*. The commission was payable at the time of the closing of each prospective transaction. *Id*.

12. In July 2010, the parties amended their agreement. *See Exhibit B to Original Complaint*. The amendment acknowledged that Kelly Capital had assigned its interest in an Escrow Release Transfer Agreement ("ERTA") with S&M to a "related entity". *Id. at ¶1*.

13. Upon information and belief, the related entity to which Kelly Capital assigned its interest in the S&M ERTA was Kelly Escrow Fund V, a CA limited liability company of which Kelly Capital is the sole member.

14. The amendment to the Commission Agreement further clarified, and expressly stated, that Kelly Capital remained contractually obligated to pay MHP II its commission, pursuant to the terms of the original Commission Agreement; and that said commission was payable at the time the purchased asset was transferred to the accounts of the related, third-party entity, or its financial institution, rather than payable at the time of closing the purchase of the escrow releases from S&M. *Id.*

**C. Kelly Capital's Two Purchases of S&M Escrow Funds**

15. It is undisputed fact, and a matter of record in the federal district court of the Eastern District of Virginia, that Kelly Capital and/or its related entities made two purchases of

escrow funds from S&M. See Kelly Capital, LLC, et al. v. S&M Brands, Inc. et al., Case No.: 3:10-cv728 (E.D.Va.).

16. On April 16, 2010, Kelly Capital/related entities purchased $30 million of S&M escrow releases for a purchase price of $10 million.

17. Kelly Capital owed MHP II a commission of $500,000 for that transaction; and Kelly Capital paid that commission.

18. On July 15, 2010, Kelly Capital/Kelly Escrow purchased an additional $40 million of S&M escrow releases for a purchase price of $13.6 million.

19. Pursuant to the amendment to the Commission Agreement, Kelly Capital owed MHP II a commission of $670,000 for July 2010 transaction, which was payable at the time the escrow releases were transferred to the accounts of Kelly Escrow.

**D. Kelly Capital's Breach of the Commission Agreement.**

20. The disposition of the July 2010 escrow releases purchased by Kelly Capital/Kelly Escrow was delayed by a lawsuit between Kelly Capital and S&M Brands regarding tax-liability issues that arose between Kelly Capital and its related entities and S&M Brands, which was litigated in the federal district court, Eastern District of Virginia. *See ¶13, infra.*

21. During the pendency of that lawsuit, Michael Kelly personally represented to Frank Cammarata and MHP II that, if the lawsuit resulted in the disposition of the escrow releases

to Kelly Capital, or Kelly Escrow, then the commission due and owing to MHP II would be paid.

22. That lawsuit was decided by a trial court, affirmed on appeal, and resulted in the escrow releases were in Kelly Capital's possession and control for disposition, in or about October 2014.

23. In the interim, MHP II assigned all of its rights and interests in commissions due and owing from Kelly Capital to Cammarata Associates.

24. On December 8, 2014, Cammarata Associates issued a demand letter to Michael Kelly and Kelly Capital for the commission payment due and owing on the July 2010 S&M Brand transaction. *See Exhibit C to Original Complaint.*

25. Cammarata Associates sent follow up demands for payment to Michael Kelly and Kelly Capital on January 8, 2015 and February 10, 2015. *See Exhibit D to Original Complaint.*

26. To date, Michael Kelly and Kelly Capital have not responded to those demand letters; and Kelly Capital has not paid the commission due and owing for the July 2010 escrow-releases purchase.

**COUNT I**

**BREACH OF CONTRACT**

27. The allegations of paragraphs 1-20 are inclusive and incorporated by reference.

28. The Commission Agreement and Amendment executed by Kelly Capital constitute a binding and enforceable contract with MHP II.

29. Kelly Capital breached its contract with MHP II's successor, Cammarata Associates by failing to pay the due and owing commission.

30. As a direct and proximate result of Kelly Capital's breach, Mortgage Master has incurred damages.

**COUNT II**

**FRAUD**

31. The allegations of paragraphs 1-24 are inclusive and incorporated by reference.

32. Mr. Kelly, individually and on behalf of Kelly Capital, represented to Mr. Cammarata and MHP II that Kelly Capital would pay the commission due and owing on the S&M Brand transaction upon the resolution of the Kelly Capital/S&M Brand lawsuit.

33. At the time Mr. Kelly made that representation, he knew it was false.

34. MHP II, and its successor Cammarata Associates relied on Mr. Kelly's representation to its detriment, by waiting for over 4 years for the due and owing commission to be paid, refraining from taking any action to secure payment during that time period.

**COUNT III**

**NEGLIGENT MISREPRESENTATION**

35. The allegations of paragraphs 1-28 are inclusive and incorporated by reference.

36. Mr. Kelly, individually and on behalf of Kelly Capital, represented to Mr. Cammarata and MHP II that Kelly Capital would pay the commission due and owing on the S&M Brand transaction upon the resolution of the Kelly Capital/S&M Brand lawsuit.

37. At the time Mr. Kelly made that representation, he knew, or should have known, it was false.

38. MHP II, and its successor Cammarata Associates relied on Mr. Kelly's representation to its detriment, by waiting for over 4 years for the due and owing commission to be paid, refraining from taking any action to secure payment during that time period.

**COUNT IV**
**CONVERSION**

39. The allegations of paragraphs 1-32 are inclusive and incorporated by reference.

40. Cammarata Associates, as successor to MHP II, is the rightful owner of the commission due and owing from Kelly Capital from its purchase of escrow funds from S&M Brands.

41. Kelly Capital and Mr. Kelly intentionally interfered with Cammarata Associates' use of its funds by exercising dominion and control over them.

42. Kelly Capital's and Mr. Kelly's, interference deprived Cammarata Associates of the use of those funds.

43. Kelly Capital's, and Mr. Kelly's, interference caused Cammarata Associates damages.

**PRAYER FOR RELIEF**

Plaintiff Cammarata Associates, as successor to MHP II Corporation, prays for judgment:

a. awarding Plaintiff compensatory damages;

b. awarding interest and costs of suit, including reasonable attorneys' fees; and

c. all other relief this Court deems to be just and equitable.

s/Thomas J. Burns III
Thomas J. Burns III
Budd Larner
150 John F. Kennedy Parkway
Short Hills, NJ 07078
973.315.4518
tburns@buddlarner.com

**ATTORNEYS FOR PLAINTIFF**

Dated: January 27, 2016