**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANK S. CAMMARATA, as successor to MHP II Corporation, doing business as CAMMARATA ASSOCIATES, | 1:16-cv-00322-NLH-AMD  **MEMORANDUM OPINION & ORDER** |
| Plaintiff, | |
| v. | |
| KELLY CAPITAL LLC and MICHAEL R. KELLY, | |
| Defendants. | |

**APPEARANCES**:

THOMAS J. BURNS, III
LINDSEY HOUSMAN
BUDD LARNER
150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NJ 07078
     On behalf of plaintiff

JONATHAN DAVID HENRY
SHAWN LUNNEY KELLY
DENTONS US LLP
101 JFK PARKWAY
SHORT HILLS, NJ 07078-2708
     On behalf of defendants

**HILLMAN, District Judge**

    WHEREAS, on October 14, 2016, the Court dismissed the claims of plaintiff, Frank S. Cammarata, who does business as a sole proprietor under the name Cammarata Associates, against defendants, Kelly Capital LLC and Michael Kelly, for lack of

personal jurisdiction (Docket No. 21); and

WHEREAS, plaintiff had alleged that defendants failed to pay him a commission for his role in connecting defendants with a Virginia-based tobacco company that sold escrow release funds; and

WHEREAS, when assessing defendants' motion to dismiss for lack of personal jurisdiction, the Court found that defendants did not deliberately engage in significant activities in New Jersey, or create a continuing obligation between them and plaintiff, or manifestly avail themselves of the privilege of conducting business in New Jersey, and, as a result, this Court could not exercise personal jurisdiction over defendants to resolve plaintiff's claims against them (Docket No. 21 at 23); and

WHEREAS, the Court dismissed without prejudice plaintiff's complaint, and noted that plaintiff was not left without a forum in which to prosecute his claims against defendants – e.g., in California where defendants are citizens (Docket No. 21 at 19 n.9 and 23 n.11); and

WHEREAS, defendants have filed the instant motion[1] for

---

[1] Defendants have also filed a motion to seal portions of their billing records in support of their motion for attorney's fees and costs contending that those portions are privileged because they contain attorney mental impressions and work product. (See Docket No. 24.) The Court finds that defendants' redactions meet the requirements of Local Civil Rule 5.3(c), and,

attorney's fees and costs, arguing that they are entitled to their fees and costs because they are the prevailing party in this case, as provided in their agreement:

> **8) ATTORNEY'S FEES:** In any litigation, arbitration or other legal proceedings which may arise between the parties hereto, the prevailing party shall be entitled to recover its costs, including costs of arbitration, and reasonable attorney's fees in addition to any other relief to which such party may be entitled.

(Docket No. 24-1 at 2); and

WHEREAS, plaintiff has opposed defendants' motion, arguing that in addition to defendants' motion being untimely, it is substantively unavailing because they cannot be deemed as the "prevailing party" when the Court dismissed plaintiff's complaint for lack of personal jurisdiction, rather than on its merits, and because plaintiff did not agree to the attorney's fees provision as it is being interpreted by defendants[2]; and

WHEREAS, plaintiff further argues that defendants' motion is premature because on February 21, 2017, he refiled his complaint against defendants in the Southern District of California (Docket No. 28); and

---

accordingly, defendants' motion to seal will be granted. A separate Order will be entered.

[2] Plaintiff also argues that $130,000 in fees for a motion to dismiss for lack of personal jurisdiction in a case where the amount in controversy is $680,000 is palpably unreasonable and objectionable. Defendants disagree that their fees are unreasonable and objectionable. Because defendants' motion will be denied, the Court does not need to address this argument.

3

WHEREAS, defendants counter that their motion is timely, and that plaintiff cannot dispute the clear and unambiguous language of the attorney's fees provision that makes defendants the prevailing party; and

WHEREAS, even accepting that defendants' motion was timely filed,[3] the Court must deny defendants' motion; and

WHEREAS, if the Court were to substantively consider defendants' motion, the Court would need to construe the attorney's fees provision in the parties' agreement, which would necessitate a choice-of-law analysis because the agreement is silent as to which state's law should apply to it, and that undertaking would be in direct contravention of the Court's finding that it could not exercise personal jurisdiction over defendants to resolve plaintiff's claims against them; and

WHEREAS, in their motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, defendants argued that

---

[3] See Fed. R. Civ. P. 54(d) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. . . . [T]he motion must . . . be filed no later than 14 days after the entry of judgment . . . ."); and Local Civil Rule 54.1(a) ("Within 30 days after the entry of a judgment allowing costs, or within 30 days of the filing of an order dispositive of the last of any timely-filed post-trial motions, whether or not an appeal has been filed, the prevailing party shall serve on the attorney for the adverse party and file with the Clerk a Bill of Costs and Disbursements, together with a notice of motion when application will be made to the Clerk to tax the same.").

it would violate their due process rights if the Court exercised personal jurisdiction over them, but they are now effectively asking the Court to exercise that jurisdiction to interpret the parties' contract and determine that they are prevailing parties entitled to attorney's fees under that contract; and

WHEREAS, defendants cannot have it both ways, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (citation omitted) (explaining that personal jurisdiction "represents a restriction on judicial power . . . as a matter of individual liberty," and "[t]herefore, a party may insist that the limitation be observed, or he may forgo that right, effectively consenting to the court's exercise of adjudicatory authority"); and

WHEREAS, it is fundamental that personal jurisdiction is "'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication,'" id. (quoting Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 382 (1937)); and

WHEREAS, if defendants' motion means to suggest that plaintiff's case was filed in this forum in violation of Fed. R.

Civ. P. 11[4] or 28 U.S.C. § 1927[5], defendants should have pursued that relief[6]; and

WHEREAS, defendants' request for attorney's fees pursuant to the attorney's fees provision in the parties' agreement is more akin to an affirmative claim for the enforcement of a contractual provision, which defendants could raise as a counterclaim in plaintiff's currently pending action in the Southern District of California, or as a separate action where personal jurisdiction over them exists;

---

[4] Rule 11 provides, in relevant part, "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."

[5] 28 U.S.C. § 1927 provides, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

[6] The Court notes that there has not been a showing of the requisite conduct by plaintiff or his counsel for Rule 11 or § 1927 sanctions to apply. See In re Cendant Corp. Derivative Action Litigation, 96 F. Supp. 2d 403, 406 (D.N.J. 2000) (explaining that "sanctions cannot be applied as a penalty against a losing party merely for losing: '[L]itigants misuse the Rule when sanctions are sought against a party or counsel whose only sin was being on the unsuccessful side of a ruling or judgment.'" Princeton Economics Group v. AT & T, 768 F. Supp. 1101, 1116 (D.N.J. 1991) (quoting Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987))).

THEREFORE,

IT IS on this ___26th___ day of _April_, 2017

ORDERED that the MOTION for Attorney's Fees Pursuant to Fed. R. of Civ. P. 54(d) and Local Civil Rule 54.1 by MICHAEL R. KELLY, KELLY CAPITAL LLC [23] be, and the same hereby is, DENIED.

At Camden, New Jersey

                                           s/ Noel L. Hillman
                                           NOEL L. HILLMAN, U.S.D.J.